UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 21-93 (RC) |
| | ) |
| JOHN D. ANDRIES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS ONE, TWO, AND THREE OF THE SUPERSEDING INDICTMENT**

The defendant, John Andries, files this supplemental argument in support of his motion to dismiss filed on August 13, 2021. *See* ECF Dkt. No. 20. The Court heard oral argument on this motion on October 5, 2021 and inquired of counsel whether or not she had any additional arguments in support of dismissing 18 U.S.C. §1752. The defense now submits this supplemental brief raising an additional argument to dismiss counts two and three of the superseding indictment. For the reasons that follow, in addition to the reasons presented in prior pleadings and at the hearing, the Court should dismiss Counts Two and Three because they fail to state offenses.

**ARGUMENT**

Under the plain language of 18 U.S.C. §1752, the statute does not apply here. Section 1752 prohibits conduct specifically in or near "any restricted building or grounds" and expressly defines the term "restricted buildings or grounds":

(1) the term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—

1

>   (A) of the White House or its grounds, or the Vice President's official residence or its grounds;
>
>   (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
>
>   (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.

18 U.S.C. § 1752(c); *see United States v. Samira Jabr*, Criminal No. 18-0105, Opinion at 12, ECF No. 31 (May 16, 2019), *aff'd*, 4 F.4th 97 (D.C. Cir. 2021).

Counts Two and Three of superseding indictment charge Mr. Andries with conduct "in a restricted building and grounds, that is, any posted, cordoned-off and otherwise restricted area *within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting . . .*" See ECF No. 15, Count Two and Three of Superseding Indictment (emphasis added).

First, the "United States Capitol and its grounds" plainly do not constitute "restricted buildings or grounds" under any prong of § 1752(c)(1).

Second, under the plain meaning of the statute, Vice President Pence and (then) Vice President-Elect Harris, then a senator, were not "temporarily visiting" the Capitol. The plain meaning of "temporary" is "lasting for a time only." Black's Law Dictionary (11th Ed. 2019). "Visiting" is defined as "invited to join or attend an institution for a limited time." Merriam-Webster (2021). Together, the phrase "temporarily visiting" connotes temporary travel to a location where the person is not normally living and/or working on a regular basis.

Neither Vice President was "temporarily visiting" the Capitol on January 6, 2021. The Capitol is a federal government building in the District of Columbia, where both people lived and worked. Moreover, both people actually worked at Capitol Building and grounds—it was

their place of employment.  They each had permanent offices "within the United States Capitol and its grounds"-- Vice President Pence in his official capacity as the "President of the Senate," and Vice President Harris as a ranking member of the Senate.  In addition, both people were working and meeting at, not "visiting," the Capitol building on January 6 carrying out their sworn official duties to "meet" there, with Vice President Pence "presiding," to count the electoral votes.  *See* 3 U.S.C. § 15 ("Congress shall be in session on the sixth day of January succeeding every meeting of the electors. The Senate and House of Representatives shall *meet* in the Hall of the House of Representatives at the hour of 1 o'clock in the afternoon on that day, and *the President of the Senate shall be their presiding officer*.") (emphasis added).

      Past cases support this plain, common-sense reading of the statute, as they involve conduct in and near areas where the President and Vice President were clearly "temporarily visiting."  *See United States v. Bursey*, 416 F.3d 301 (4th Cir. 2005) (defendant entered and remained in a restricted area at an airport in South Carolina where the President was visiting for a political rally); *United States v. Junot*, 902 F.2d 1580 (9th Cir. 1990) (defendant pushed his way through a restricted area where then Vice President George Bush was speaking at a rally at a park in Los Angeles that was secured by United States Secret Service agents); *Blair v. City of Evansville, Ind*. 361 F. Supp.2d 846 (D.C. S.D. Indiana 2005) (defendant charged with 18 U.S.C. §1752 at protest during then Vice President Richard Cheney's visit to the Centre in Evansville, Indiana).  These cases all involve the President and Vice President actually traveling outside of D.C. and "visiting" that area for a "temporary" purpose, consistent with the plain meaning of section 1752(c)(1)(B).  Vice President Pence and Vice President Harris were not traveling to a speaking event or a political rally.  They were meeting with other government officials in a federal government building where they both had permanent offices.  Based on the plain

language of 18 U.S.C. §1752, they were not "temporarily visiting" the Capitol building.

For the above reasons, section 1752 does not apply as charged. Counts Two and Three of the Superseding Indictment fail to state any offense and must be dismissed.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Maria_Jacob@fd.org