UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-93 (RC) |
| v. : | |
| : | |
| JOHN D. ANDRIES, : | |
| : | |
| Defendant. : | |

### OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS COUNTS TWO AND THREE OF THE SUPERSEDING INDICTMENT

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully opposes defendant John Andries's Supplemental Motion to Dismiss Counts Two and Three of the Superseding Indictment, which charges him with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1), and disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2). In his supplemental motion, the defendant contends that the United States Capitol was not a restricted building or grounds within the meaning of 18 U.S.C. § 1752 because no Secret Service protectee was "temporarily visiting" it on January 6, 2021. The defendant's motion defies common sense and Section 1752's plain language and should be denied.

### PROCEDURAL HISTORY

The Grand Jury charged the defendant with, *inter alia*, one count of entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) and one count of disorderly and disruptive conduct, in violation of 18 U.S.C. § 1752(a)(2), for his conduct at the U.S. Capitol on January 6, 2021. Doc. 15, at 1-3. The defendant filed a motion to dismiss, Doc.

No. 20, and the government responded in opposition.[1]  Doc No. 22.  The Court subsequently heard oral argument on the motion and reserved decision, allowing the parties to file supplemental arguments.  Minute Entry (Oct. 5, 2021).  The defendant's supplemental motion followed.

## **ARGUMENT**

Section 1752 prohibits the unlawful entry into a restricted or otherwise cordoned off "building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."  18 U.S.C. § 1752(c)(1)(B).  At the time the defendant entered the U.S. Capitol on January 6, 2021, three Secret Service protectees—Vice President Mike Pence and two immediate family members—were present.[2]  The defendant's conduct accordingly falls within the Section 1752's plain sweep because he unlawfully entered a restricted building while the Vice President and his family were "temporarily visiting."

The defendant disputes that the Vice President was "temporarily visiting" the U.S. Capitol, but his argument defies the statute's plain terms, purpose, and structure.

To determine the meaning of a statute, the Court "look[s] first to its language, giving the words used their ordinary meaning."  *Levin v. United States*, 568 U.S. 503, 513 (2013) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)).  The verb "visit" means, *inter alia,* "to go to

---

[1] The government incorporates by reference its arguments and authority cited in its original response in opposition to the motion to dismiss.  *See* Doc. No. 22.

[2] In its earlier response to the defendant's motion to dismiss, the government incorrectly stated that Vice President-Elect Harris was present in the U.S. Capitol at the time of the attack.  In fact, Vice President-Elect Harris was not present at that particular time, though she was present earlier in the day and was present later that day.  Accordingly, with respect to her, on January 6, 2021, the U.S. Capitol was a building or grounds where a Secret Service protectee "will be temporarily visiting."

see or stay at (a place) for a particular purpose (such as business or sightseeing)" or "to go or come officially to inspect or oversee."[3]

Either definition describes the Secret Service protectees' activities on January 6. Vice President Pence was physically present at the U.S. Capitol for a particular purpose: he presided over Congress's certification of the 2020 Presidential Election, first in the joint session, and then in the Senate chamber. Similarly, the Vice President's family members came to the U.S. Capitol for a particular purpose: to observe these proceedings. Finally, as President of the Senate, Vice President Pence oversaw the vote certification. Given the presence of the Vice President and his family members, the U.S. Capitol plainly qualified as a building where "[a] person protected by the Secret Service [was] … temporarily visiting." 18 U.S.C. § 1752(c)(1)(B).

The defendant stresses Section 1752's use of the term "temporarily": "The plain meaning of 'temporary' is 'lasting for a time only.'" Doc. 30, at 2. But that definition only confirms the government's application of the statute in this case. Vice President Pence and his family had traveled to the U.S. Capitol to oversee and attend the Joint Session of Congress—a proceeding of limited duration. At the close of the proceeding, they left—confirming the "temporary" nature of their visit.

The defendant offers two further observations—both irrelevant. First, he notes that Vice President Pence "lived and worked" in the District of Columbia. Doc. 30, at 2. But Section 1752(c)(1)(B) defines the restricted area by reference to "buildings or grounds," not municipal borders. That Vice President Pence lived and worked in Washington, D.C. does not detract from the fact that he "temporarily visit[ed]" the U.S. Capitol on January 6. Second, the defendant stresses that Vice President Pence had a permanent U.S. Capitol office. Doc. 30, at 3. Section

---

[3] https://www.merriam-webster.com/dictionary/visit

1752(c)(1)(B), however, defines the restricted area by reference to the location of the protectee—not his office.  When Vice President Pence traveled to the U.S. Capitol on January 6 to oversee the Joint Session of Congress, he was "visiting" the building.  And because Vice President Pence intended to leave at the close of the session, this visit was "temporar[y]."[4]

The defendant's contrary construction, taken to its logical end, would neuter the government's ability to deter and punish those individuals who seek unauthorized access to the President's or Vice President's location.  First, the defendant's argument would restrict Section 1752(c)(1)(B)'s application to only locations outside the District of Columbia—on the view that any visit by the President or Vice President to a location within municipal limits cannot be "temporary" because they reside in the District of Columbia.  Second, under the defendant's construction, Section 1752(c)(1)(B) would not apply where the President or Vice President temporarily stayed at their permanent residences in Delaware or California—on the view that such a trip would not qualify as "visiting."  No support exists for the defendant's effort to insert such large and irrational exceptions into the statute's sweep.  *See Lovitky v. Trump*, 949 F.3d 753, 760 (D.C. Cir. 2020)  (noting that courts will avoid a "statutory outcome … if it defies rationality by rendering a statute nonsensical or superfluous or if it creates an outcome so contrary to perceived social values that Congress could not have intended it") (citation omitted).

All told: the defendant's position defies Section 1752's clear purpose.  *Cf. Genus Med. Techs. LLC v. United States Food & Drug Admin.*, 994 F.3d 631, 637 (D.C. Cir. 2021) ("[I]f the text alone is insufficient to end the inquiry, we may turn to other customary statutory interpretation

---

[4] This argument also ignores the fact that the Vice President's family did not live or work at the U.S. Capitol.  Assuming, *arguendo,* the defendant's argument that the Vice President cannot "temporarily visit" a place where he maintains an office, the charges in the Superseding Indictment remain supported because these other Secret Service protectees did not work at the U.S. Capitol or have offices there.

tools, including structure, purpose, and legislative history.") (internal quotation marks and citation omitted).  In drafting Section 1752, Congress sought to protect "not merely the safety of one man, but also the ability of the executive branch to function in an orderly fashion and the capacity of the United States to respond to threats and crises affecting the entire free world."  *United States v. Caputo*, 201 F. Supp. 3d 65, 70 (D.D.C. 2016) (quoting *White House Vigil for ERA Comm. v. Clark*, 746 F.2d 1518, 1528 (D.C. Cir. 1984)).  To that end, the statute comprehensively deters and punishes individuals who seek unauthorized access to the White House grounds and the Vice President's residence—fixed locations where the President and Vice President live and work, 18 U.S.C. 1752(c)(1)(A); and also any other "building or grounds" where they happen to be "temporarily visiting," 18 U.S.C. 1752(c)(1)(B).

All the relevant metrics—plain language, statutory structure, and congressional purpose—foreclose the defendant's crabbed reading of Section 1752(c)(1)(B).  This Court should reject it.

The defendant's cited cases—involving either an arrest or conviction under Section 1752—do not discuss the "temporarily visiting" language.  Doc. 30, at 3; *see United States v. Bursey*, 416 F.3d 301 (4th Cir. 2005); *United States v. Junot,* 1990 WL 66533 (9th Cir. May 18, 1990); *Blair v. City of Evansville, Ind.,* 361 F. Supp.2d 846 (S.D. Ind. 2005).  They accordingly lack relevance to the present dispute.

**CONCLUSION**

The government respectfully requests that the defendant's motion be denied.

                    Respectfully submitted,

                    CHANNING D. PHILLIPS
                    Acting United States Attorney
                    D.C. Bar No. 415793

By:    /s/ *Douglas G. Collyer*
        Douglas G. Collyer
        Elizabeth C. Kelley
        Assistant United States Attorneys
        NDNY Bar No. 519096 (Collyer)
        D.C. Bar No. 1005031 (Kelley)
        555 4th Street, N.W.
        Washington, D.C. 20530
        202-252-7238
        Douglas.Collyer@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this opposition was sent to counsel for the defendant, Maria Jacob, on November 2, 2021, via CM/ECF and/or by email.

                    /s/
                    Douglas G. Collyer