UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-93 (RC) |
| | : | |
| **JOHN D. ANDRIES,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE

On February 25, 2022, the defendant John D. Andries violated his conditions of release by being arrested for, *inter alia,* felony assault on a police officer. The government respectfully moves this Court revoke the defendant's pretrial release based on these violations. Pretrial services advised they will defer to the government.

According to the police report and a media report[1], at approximately 11:37 pm on February 25, 2022, at Action Lounge & Billiards in Leonardtown, Maryland, the defendant became intoxicated and reportedly pulled a female's hair and made "patrons uncomfortable." *See* Exhibit A: police reports. The defendant was asked to leave the establishment. *Id.* The defendant became belligerent and made threats to staff who removed him from the premises. *Id.* The defendant attempted to reenter the bar and was being held back by staff when police, who happened to be at the establishment for another incident, offered assistance to the staff in dealing with the defendant. *Id.*

Police attempted to calm the defendant and explain that if the staff wanted him removed, he needed to leave. *Id.* The defendant continued to pull at the door handle to the bar in attempts

---

[1] https://www.somdnews.com/enterprise/news/local/man-charged-in-jan-6-riot-faces-new-charges-in-st-marys/article_610fa5f0-d1d9-5291-b93d-2d130bf98e29.html

1

to reenter. *Id.* Police informed the defendant to either go home or be arrested. *Id.* The defendant stated, "nope" and then pushed one of the officers in the chest, whereupon he was placed in handcuffs. *Id.* The defendant refused to cooperate with law enforcement, sat down while handcuffed, and had to be dragged and carried to a police vehicle. *Id.* Once at the police vehicle, the defendant refused to sit properly and laid so that his upper body was in the vehicle seat, but his lower body remained outside the vehicle. *Id.* Additional officers arrived to assist. *Id.*

An officer advised the defendant that if he did not comply and sit in the vehicle, he would be tased. *Id.* The defendant refused to sit in the vehicle, whereupon he was tased on his leg. *Id.* Undeterred, the defendant still refused to sit in the vehicle and was tased a second time, but still did not enter the police vehicle. *Id.*

Officers determined they needed to call the jail's transport van to bring the defendant to jail. *Id.* While waiting for the van to arrive, the defendant repeatedly kicked an officer and had to be restrained until the transport van arrived. *Id.* He then refused to enter the van and had to be carried and placed inside by police. *Id.*

A search incident to lawful arrest found the defendant was carrying a knife. *Id.*

According to court records, the defendant has been charged with felony assault in the second degree, misdemeanor disorderly conduct and misdemeanor resisting/interfering with arrest. According to a media report, the defendant was released on his own recognizance on February 26, 2022. According to Federal Pretrial Services, as of March 4, 2022, the defendant had not advised probation of this arrest.

This clear violation of his release conditions demonstrates his unwillingness to abide by this Court's order and his disregard for this Court's authority and the rule of law more broadly. The nature of the defendant's violations—resisting and assaulting law enforcement—also

underscore the threat that the defendant poses if continued on release. The defendant should be detained pending trial.

## BACKGROUND

An open-source YouTube video from January 6, 2021, obtained by the Federal Bureau of Investigation, shows the defendant on the steps outside the Capitol Building with a large crowd. The crowd is attempting to break down the metal barriers to the buildings, as police offices try to hold them back, as depicted below:



Approximately 30 seconds later, the crowd breaks through the barriers and heads toward the Capitol building. The defendant can be seen walking up the stairs to the building.

The defendant entered the Capitol through a broken window near the Senate Wing Door at approximately 2:15 p.m. He then made his way through the building and was one of the first rioters to enter the Crypt. He tried unsuccessfully to move past USCP officers who stopped him. Undeterred, he waved in more rioters who began entering the room. Within minutes, the entire Crypt was full of rioters.

From the Crypt, the defendant walked to the Speaker's Lobby. Along the way, he filmed himself and surroundings, often providing commentary. In one of his self-made videos, the sound of rioters banging on the Capitol doors was palpable. Upon hearing the banging, the defendant asked, "Hey y'all think they hear us now?" He also stated, "Knock, knock motherfu**ers!" And he proclaimed, "I think the police have gotten the message: We ain't backin' down."

At approximately 2:56 p.m. the defendant appeared to be leaving the building through the Upper House Door when he saw another rioter in a scuffle with a police officer. The defendant rushed to the scuffle and pushed the officer. The officer appeared to raise a baton as the defendant exited the camera frame.

At approximately 2:57 p.m., the defendant left the building. Once outside he filmed himself again. While looking at the camera he stated, "We made it to the Speaker's Chambers . . . I think we're on the right side of history." He also said, "I don't know if it was me or somebody else, but I know I tried to pull the fire alarm. I wasn't sure if I was successful, but I know somebody did it this time for sure. I hear it." Audible beeping was in the background of the video.

He then joined a group of rioters who refused to leave the Capitol grounds. Metropolitan Police Department officers were trying to clear the area; instead of leaving, the defendant sat down on a ledge. Officers had to physically drag him from the ledge to get him to leave.

The defendant was charged by criminal complaint on January 28, 2021, with Knowingly Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and (2); and Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D), (E) and (G).  *See* ECF No. 1.

The defendant was arrested on February 4, 2021 and had his initial appearance the same day. *See* Minute Entry, February 4, 2021. At the time, the government did not seek the

defendant's pretrial detention and the defendant was released on a personal recognizance bond. *Id.*

On February 8, 2021, an information was filed charging the defendant with the aforementioned offenses. *See* ECF No. 5.

On February 10, 2021, Hon. Robin M. Meriweather issued an order setting conditions of release that included, *inter alia*, standard condition #1, to wit: "the defendant must not violate federal, state or local law while on release" and special condition (r), to wit: "report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning or traffic stops." *See* ECF No. 8.

On May 26, 2021, a federal grand jury returned a five-count superseding indictment charging defendant with Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Knowingly Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) and (2); and Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) and (G). *See* ECF No. 15.

## ARGUMENT

### I. Applicable Authority

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release . . . [and that] based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release

that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or . . . the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

The defendant's arrest in Maryland on February 25, 2022, for felony assault in the second degree, misdemeanor disorderly conduct and misdemeanor resisting/interfering with arrest establishes the requisite probable cause to believe that he has committed a State or local crime while on release. *See* 18 U.S.C. § 3148(b), *supra.*

## II. There Are No Conditions of Release That Will Mitigate Andries's Danger to the Community

The defendant's actions on February 25, 2022 evince his continuing disrespect for the rule of law and authority. His conduct that night was a spectrum of resistance to assault on law enforcement. It is conduct we've seen from the defendant before. On January 6, 2021, the defendant pushed a police officer and refused to leave the Capitol. He had to be carried and dragged out by Metropolitan Police.

Additionally, the incident at the bar with staff and police began because the defendant became intoxicated, reportedly assaulted a female and reportedly made other patrons at the bar "uncomfortable." This speaks directly to the defendant's influence on the community. While he did not use it, the defendant was found with a knife.

## III. Andries is Unlikely to Abide by Any Condition or Combination of Conditions of Release

The condition requiring defendants to remain arrest free is the most basic tenant of pretrial release. Not only did the defendant violate the first condition of his release, but he compounded the violation by failing to inform probation. The defendant's unwillingness to comply with law

enforcement and his disregard for the rule of law comes as no surprise given his actions on January 6, 2021. It is now a pattern of behavior.

There is no possible excuse for the defendant's violations. The defendant has shown, time and again, beginning with his entry into the restricted Capitol Building on January 6, 2021, that he will not respect orders from law enforcement or any other authority, and that he cannot be trusted to abide by this Court's orders.

### IV. If Andries Remains on Release, His Conditions Must Include No Use of Alcohol, a Curfew, and No Possession of Weapons

The government believes that the defendant poses a danger to the community and has shown that he cannot abide by conditions of release. If, however, the Court gives the defendant the opportunity to remain on release, at a minimum, that release should be under stricter conditions. Specifically, the government proposes that this Court order the defendant to refrain from any use of alcohol (special condition (l)); abide by a curfew (special condition (p)(i)); and refrain from possessing a firearm, destructive device or other weapon (special condition (k)).

While these conditions may not mitigate the defendant's pattern of disrespecting authority, it would hopefully prevent any further incidents like the one seen on February 25, 2022.

### CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court revoke John Andries's pretrial release.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    /s/ *Douglas G. Collyer*
        Douglas G. Collyer
        Assistant United States Attorney
        Detailee
        NDNY Bar No. 519096
        14 Durkee Street, Suite 340
        Plattsburgh, New York 12901
        Douglas.Collyer@usdoj.gov
        (518) 314-7800