**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-93 (RC) |
| | : | |
| JOHN D. ANDRIES, | : | Re Document No.: 48 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION & ORDER

### DENYING DEFENDANT'S RENEWED MOTION TO DISMISS COUNT I OF THE SUPERSEDING INDICTMENT

## I. INTRODUCTION AND BACKGROUND

A grand jury sitting in the District of Columbia returned a Superseding indictment charging defendant John Andries with several offenses arising from his alleged participation in the riot at the United States Capitol on January 6, 2021. Count I alleged a violation of 18 U.S.C. § 1512(c)(2), specifically that Andries "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18."[1]  Superseding Indictment at 1, ECF

---

[1] 18 U.S.C. § 1512(c)(2) reads:

> (c) Whoever corruptly—
>
> > (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> >
> > (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c)(2).

No. 15.  On March 14, 2022, this Court denied Andries's motion to dismiss Count I (and other counts).  *United States v. Andries*, No. CR 21-93, 2022 WL 768684, at *17 (D.D.C. Mar. 14, 2022).

With the Court's permission, Andries now renews his motion to dismiss Count I in order to raise an argument he did not make in his initial motion to dismiss.  Def.'s Renewed Mot. Dismiss 18 U.S.C. §1512(c)(2), ECF No. 48.  In *United States v. Miller*, another January 6 case, Judge Nichols concluded that the text of § 1512(c)(2) was ambiguous and held "that § 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding."  21-CR-00119, 2022 WL 823070, at *15 (D.D.C. Mar. 7, 2022); *see also United States v. Fischer*, No. 21-CR-00234, 2022 WL 782413, at *4 (D.D.C. Mar. 15, 2022) (Judge Nichols reiterating his conclusion from *Miller*).  In his renewed motion to dismiss, Andries asks the Court to adopt *Miller*'s interpretation of § 1512(c)(2) and argues that Count I must be dismissed because it does not allege that Andries "took any action with respect to a document, record, or other object."  Def.'s Renewed Mot. Dismiss 18 U.S.C. §1512(c)(2) at 1–4.  In opposition, the government argues that *Miller* relied on a misplaced application of the rule of lenity, and, in the alternative, claims that even if *Miller*'s narrow, document-focused interpretation of § 1512(c)(2) is correct, Count I should not be dismissed because it "embrace[s]" the "theor[y]" that Andries obstructed an official proceeding by "taking some action with respect to a document."  Gov't's Suppl. Br. Addressing 18 U.S.C. §1512(c)(2) and *United States v. Miller*, at 1–2, ECF No. 49 (citation omitted and cleaned up).  Andries filed a reply brief to address the government's alternative argument.  He argues that if *Miller* is correct, Count I must be dismissed because it does not allege document-

related conduct in sufficient detail, and, in the alternative, that the government should be required to file a bill of particulars if it intends "to prosecute Andries for taking some action with respect to a document, record, or other object." Def.'s Reply Supp. Renewed Mot. Dismiss Count One at 1–4, ECF No. 51 (internal quotation marks and citation omitted).

## II.  LEGAL STANDARD

"An indictment's main purpose is to inform the defendant of the nature of the accusation against him." *United States v. Ballestas*, 795 F.3d 138, 148–49 (D.C. Cir. 2015) (cleaned up). Thus, the Federal Rules of Criminal Procedure require only that the indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). A defendant may move to dismiss counts of an indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). A court considering such a motion must "assume[] the truth of th[e] factual allegations" in the indictment. *Ballestas*, 795 F.3d at 149. Indeed, the court's review is limited to "the four corners of the indictment." *United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009). This limitation "affords deference to the 'fundamental role of the grand jury.'" *United States v. Mostofsky*, No. CR 21-138, 2021 WL 6049891, at *2 (D.D.C. Dec. 21, 2021) (quoting *Ballestas*, 795 F.3d at 148). "Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001). "A court accordingly cabins its analysis to the face of the indictment and, more specifically, the language used to charge the crimes." *Mostofsky*, 2021 WL 6049891, at *2 (cleaned up).

### III.  ANALYSIS

The Court denies Andries's renewed motion to dismiss Count I.  Count I charges a violation of 18 U.S.C. § 1512(c)(2), which reads:

(c) Whoever corruptly—

> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> **(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so**,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c)(2) (emphasis added).  Recently, in *United States v. Fitzsimons*, the Court rejected a defendant's argument that § 1512(c)(2), read together with § 1512(c)(1), extends only to acts that "impair the availability or integrity of evidence."  2022 WL 1698063, at *3 (D.D.C. May 26, 2022).  Based on an analysis of the dictionary definitions of the words "otherwise obstructs, influences, or impedes" and their context within § 1512, the Court held that § 1512(c)(2) unambiguously "gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents[,] records[,]' or other types of evidence."  *Id.* at *7 (quoting *United States v. Petruk*, 781 F.3d 438, 446–47 (8th Cir. 2015)).

Along the way, the Court explained its disagreement with *Miller*'s analysis.  The Court concluded that a broader reading of § 1512(c)(2) does not render the word "otherwise" superfluous, because "otherwise" retains the function of drawing a contrast between the acts covered in the two subsections of § 1512 and shifts the statute's emphasis from acts directed at evidence to acts directed at official proceedings.  *Id.* at *7–8 (discussing *Miller,* 2022 WL 823070, at *6–7).  Next, the Court explained that *Begay v. United States*, 553 U.S. 137 (2008),

4

*abrogated on non-relevant grounds by Johnson v. United States*, 576 U.S. 591 (2015), which suggested that "otherwise" could mean "similar . . . in some respects but different in others," *id.* at 144, does not guide the interpretation of § 1512(c)(2) because it involved a statute that used "otherwise" in a very different context. *Fitzsimons*, 2022 WL 1698063, at *8–9. The Court further held that Congress's placement of a broad anti-obstruction provision in § 1512(c)(2), alongside § 1512's other, narrower subsections, is unsurprising in light of the fact that Congress added § 1512(c) to the pre-existing § 1512 as part of an effort to create direct criminal "liability for obstructive conduct, including document destruction." *Id.* at *9–10 (discussing *Miller,* 2022 WL 823070, at *11). The Court also noted its disagreement with *Miller*'s conclusion that because § 1512(c)*(1)* borrowed its language from another narrow provision within § 1512, § 1512(c)*(2)*, which did not borrow this language, should also be interpreted narrowly. *Id.* at *10 (discussing *Miller*, 2022 WL 823070, at *12). Finally, the Court held that the relevant legislative history does not support the proposition that Congress wished only to criminalize evidence spoliation when it enacted § 1512(c). *Id.* at *12.

For the reasons stated in *Fitzsimons*, § 1512(c)(2) unambiguously reaches obstructive conduct beyond actions related to evidence. Therefore, the rule of lenity does not apply to this case. *See United States v. McHugh*, No. CR 21-453, 2022 WL 1302880, at *12 (D.D.C. May 2, 2022) ("[T]o invoke the rule of lenity, a court must conclude that 'there is a *grievous* ambiguity or uncertainty in the statute . . . .'" (quoting *United States v. Burwell*, 690 F.3d 500, 515 (D.C. Cir. 2012) (en banc))). Andries's *Miller*-based argument for an even narrower interpretation of § 1512(c)(2) than the one the Court rejected in *Fitzsimons*—that the statute extends only to

conduct related to documents, records or objects[2]—fails, and the Court dismisses his renewed motion to dismiss on this ground.  Accordingly, the Court does not reach the parties' alternative arguments regarding the fate of Count I under Andries's narrowed interpretation; nor does it reach Andries's related request for a bill of particulars.  *See id.* at *3 n.7.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Renewed Motion to Dismiss Count I of the Superseding Indictment (ECF No. 48) is **DENIED**.

**SO ORDERED.**

Dated:  06/02/2022                                                                      RUDOLPH CONTRERAS
                                                                                                         United States District Judge

---

[2] The *Fitzsimons* defendant's interpretation would also have allowed for prosecution of conduct related to testimonial evidence.  *See Fitzsimons*, 2022 WL 1698063, at *6.